STATE OF NEBRASKA, APPELLEE, V. DIANE CRAWFORD,
APPELLANT.

196 N. W. 2d 915

Filed April 27, 1972.    No. 38138.

Frank B. Morrison, Sr., Bennett G. Hornstein, and
Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy
G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant, Diane Crawford, appeals from a con-
viction for manslaughter. She contends the evidence
was not sufficient to sustain the conviction; the trial
court erred in admitting evidence and instructing the
jury; and the sentence was excessive.

The defendant and Gene Crawford were married on
December 1, 1969. Their son, Gene Crawford, Jr.,
born August 27, 1970, died on January 5, 1971, from
malnutrition and dehydration. As a result of his death
the defendant was charged with manslaughter. The
State contends that the death was caused by the failure

of the defendant to provide proper food and medical care for her son.

At about 1 a.m., on January 5, 1971, Tyrone Parker, a friend of the defendant, called for an ambulance to take Gene Crawford, Jr., to the hospital. The child was taken to Immanuel Medical Center where he was examined by Dr. Donald Andrew Harvey. The child was gravely ill and at first was thought to be dead. He had a depressed temperature, no respiration on arrival, and a depressed heart rate. There were no reflexes. He weighed 6 pounds 10¼ ounces, or about 63 percent of normal weight. The head seemed large in proportion to the body. The extremities were very thin. His eyes were sunken. There was no subcutaneous tissue and all of the ribs could be made out in great detail. The child was placed in an isolette, oxygen was administered, and intravenous fluids were introduced through both ankles. At about 4 a.m. the child was taken to Children's Hospital where there was an intensive care ward for pediatric cases.

At Children's Hospital the child was examined by Dr. Abel Paredes. His heartbeat was irregular and his respiration was very slow. Two photographs of the child were taken at about 5 a.m. The child showed improvement at times but was pronounced dead at 7:45 a.m.

An autopsy was performed that same day at University Hospital by Dr. Blaine Roffman. The autopsy revealed that many of the internal organs weighed but a small fraction of their normal weight. The liver weighed 37 grams as compared to a normal weight of 160 grams. The kidneys weighed 11 grams each as compared to a normal weight of 21 or 22 grams. The spleen weighed 4 grams as compared to a normal weight of 16 grams. The autopsy disclosed no abnormality which could have caused the malnutrition. The cultures and microscopic examinations made were negative. The dehydration was a result of malnutrition

which had developed over a long period of time.

Gene Crawford, Jr., at birth weighed 6 pounds 3 ounces. When weighed at Immanuel Medical Center he weighed only 7¼ ounces more than his birth weight. His normal weight would have been 10 pounds or more. The photographs depict a child who is severely emaciated and obviously very ill. Despite the defendant's testimony and evidence to the contrary, the jury could have found that the condition had developed over a period of many weeks.

It is unlawful for a person having the care, custody, or control of a child to willfully or negligently cause or permit the life of the child to be endangered. § 38-116, R. R. S. 1943. The death of a child resulting from a violation of the statute is punishable as manslaughter. § 28-403, R. R. S. 1943; Delay v. Brainard, 182 Neb. 509, 156 N. W. 2d 14.

The father of Gene Crawford, Jr., was in the penal complex. The defendant had the sole care, custody, and control of Gene Crawford, Jr., and it was her responsibility to obtain adequate food and proper medical care for her son. A parent who negligently or willfully fails to obtain medical aid for a child, thereby causing his death, is guilty of manslaughter. Stehr v. State, 92 Neb. 755, 139 N. W. 676.

The record shows that a representative of the Douglas County social services contacted the defendant before the birth of Gene Crawford, Jr., and offered to assist the defendant in obtaining prenatal care and aid to dependent children. This evidence was admissible for the purpose of showing that assistance was available to the defendant if she was unable to provide food or medical care from her own resources.

The defendant contends that the trial court should have defined culpable negligence as a reckless, wanton disregard for the safety of others. In instruction No. 17 the trial court advised the jury that criminal negli-

gence or culpable neglect was "not any slight breach of duty but rather a gross failure to do what is required of one." The instruction conformed to the standards expressed in Stehr v. State, *supra,* and Delay v. Brainard, *supra,* and was not prejudicially erroneous.

The defendant contends that the sentence of imprisonment for 10 years, the maximum provided by statute, was excessive. In determining this question we consider both the circumstances of the case and the previous record of the defendant.

When Gene Crawford, Jr., died he was nearing the third stage of malnutrition. The condition had developed over a long period of time, but he had never been taken to a doctor since his birth. The record is devoid of any explanation why the defendant failed to obtain medical care for her child when it was obvious that the child was gravely ill.

The presentence report shows the defendant is 20 years of age. Her juvenile record began in 1965. She was committed to the Girls' Training School in 1967 and again in 1969. At the time of this offense she was on probation for burglary. The record fails to show that the sentence was excessive.

The judgment of the district court is affirmed.

AFFIRMED.